[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11348

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIO JUNIOR LOOR-SANCHEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00163-TPB-AEP-1

_____

_____

No. 22-11349

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIO JUNIOR LOOR-SANCHEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00165-TPB-SPF-1

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

The Government moves to dismiss this consolidated appeal pursuant to the appeal waivers in Appellant's plea agreements.

An appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* The touchstone for assessing whether a waiver was made knowingly and voluntarily if whether it was "clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (quotation marks and brackets omitted).

Here, the Government has met its burden. The magistrate judge informed Loor-Sanchez that he ordinarily had a right to appeal his sentence but had waived that right in his plea agreements except where: (1) the sentence exceeded the applicable guideline range as calculated by the court; (2) the sentence exceeded the statutory maximum penalty; (3) the sentence violated the Eighth Amendment prohibition against cruel and unusual punishment; or (4) the government filed an appeal. Loor-Sanchez confirmed under oath that he understood that, by these provisions in his plea agreements, he expressly waived his right to appeal his sentence unless one of those events occurred. Loor-Sanchez also confirmed that no one had forced him or threatened him to waive his right to appeal and that no one had promised him anything in exchange for his waiver of that right. Loor-Sanchez also confirmed that he had reviewed each plea agreement with his attorney, his attorney had

answered his questions about the agreements, and he understood all the provisions of the plea agreements.  Thus, the record shows that the magistrate judge clearly conveyed to Loor-Sanchez that he was giving up his right to appeal under most circumstances and that Loor-Sanchez understood the full significance of the waiver. *Boyd*, 975 F.3d at 1192; *Bushert*, 997 F.2d at 1351.

Further, Loor-Sanchez's appeal of the reasonableness of his sentences does not fall within the scope of any exception to the sentence-appeal waivers because the government did not appeal, his 292-month sentences were within the guideline range of 292 to 365 months and below the statutory maximum sentence of life imprisonment, and Loor-Sanchez has not asserted that his sentences violate the Eighth Amendment.  Therefore, the motion is

GRANTED.